UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **KASH OIL & GAS INC.** | **CIVIL ACTION NO. 6:16-00380** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GULF COAST WESTERN, LLC** | **MAG. JUDGE CAROL B. WHITEHURST** |

### RULING

Pending before the Court are a Motion For Partial Dismissal [Doc. No. 41] filed by Third Party Defendants ISLA Resources, LLC ("ISLA") and Louis E. Bernard, Jr., ("Bernard") and a Motion To Partially Dismiss [Doc. No. 46] filed by Plaintiff/Counterclaim Defendant Kash Oil & Gas Inc. ("KASH"), which adopts ISLA's Memorandum Brief in support of its motion.

After full briefing, on February 8, 2017, Magistrate Judge Carol B. Whitehurst issued a Report and Recommendation [Doc. No. 62] in which she recommended that the Court grant the motions and dismiss Defendant/Counter Plaintiff/Third Party Plaintiff Gulf Coast Western, LLC's ("GCW") civil RICO claims against ISLA, Bernard, and KASH.

On February 17, 2017, GCW filed objections [Doc. No. 65] to the Report and Recommendation. On February 23, 2017, ISLA and Bernard filed a response [Doc. No. 68] to GCW's objections. On February 27, 2017, KASH adopted ISLA and Bernard's response [Doc. No. 69].

Having fully reviewed the record in this matter, including GCW's objections and ISLA, Bernard, and KASH's responses, the Court finds that Magistrate Judge Whitehurst correctly stated and applied the law and hereby ADOPTS the Report and Recommendation. The Court issues this

Ruling to consider one argument which does not appear to be addressed in the Report and Recommendation: whether GCW's allegations against ISLA and Bernard with regard to the ISLA "enterprise" alone states a civil claim under RICO.

GCW asserts claims under RICO, 18 U.S.C. § 1962(b), (c) and (d). In the Amended Counterclaim and Third Party Complaint, GCW specifically alleges that ISLA and Bernard violated § 1962 (c) and (d). These subsections provide that "(c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and (d) a person cannot conspire to violate subsections (a), (b), or (c)." [Doc. No. 62, p. 13 (citing *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir.1995)]. In order to plead this claim against ISLA and/or Bernard, GCW has to allege specific facts showing that ISLA is a "person" who engages in "a pattern of racketeering activity, . . . connected to the acquisition, establishment, conduct or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007).

First, GCW cannot assert a claim against ISLA alone with regard to the ISLA enterprise (and without reference to the ISLA, Bernard, and KASH association-in-fact). GCW's allegations of RICO liability against ISLA under subsections (c) and (d) clearly refer to the association-in-fact, not the ISLA enterprise alone. [Doc. No. 38, ¶ 77]. Nevertheless, even if the Court were to read GCW's allegations broadly to include a RICO claim not involving the association-in-fact, any RICO claim against ISLA alone fails as a matter of law. As Magistrate Judge Whitehurst states in the Report and Recommendation, "[w]here a legal entity is the defendant, it may not be both a person and an enterprise under RICO." [Doc. No. 62, p. 13 (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 447 (5th Cir. 2000))]. Therefore, GCW cannot allege a RICO claim against ISLA alone as the "person" and the "enterprise."

On the other hand, to the extent that GCW is asserting RICO claims against Bernard based on the ISLA enterprise (again, without regard to the ISLA, Bernard, and KASH association-in-fact), such a claim is legally possible. As Magistrate Judge Whitehurst also states in the Report and Recommendation, Bernard, as the owner and general manager, can be a "person" under RICO who unlawfully conducts an enterprise because the entity and Bernard are different legal "persons." [Doc. No. 62, p. 13 (citing *Kushner Promotions, Ltd., v. King*, 533 U.S. 158, 163 (2001))]. Thus, the Court has considered the allegations in GCW's First Supplemental and Amended Counterclaim and Third Party Complaint ("Amended Counterclaim and Third Party Complaint") [Doc. No. 38].

GCW does allege that Bernard violated subsection (c) because he is "employed by and associated with ISLA, an 'enterprise,'" and "conducted an aspect of ISLA's business affairs through the Fraudulent Billing Practices, a pattern of racketeering activity under U.S. law." [Doc. No. 38, ¶76(B)-(C)].[1] However, when the Court considers GCW's allegations to establish a "'pattern of racketeering activity'" based on "Fraudulent Billing Practices," those allegations all refer to the association-in-fact of ISLA, Bernard, and KASH. [Doc. No. 38, ¶¶ 66-69]. Thus, while ISLA could exist as a separate enterprise from the association-in-fact of ISLA, Bernard, and KASH and could act through Bernard, GCW has failed to make separate racketeering allegations against ISLA and Bernard based on the ISLA enterprise. GCW's only racketeering allegations relate to the association-in-fact of ISLA, Bernard, and KASH. The Court agrees with and has already adopted Magistrate Judge Whitehurst's recommendation that GCW's factual allegations with regard to the association-in-fact are insufficient to support a plausible theory of continuity necessary to show a

---

[1] The conspiracy allegation against Bernard under subsection d is clearly based on Bernard's conspiring with KASH and thus inapplicable to this analysis. [Doc. No. 38, ¶ 76(D)].

"pattern" of racketeering activity. [Doc. No. 62, pp. 17-19]. Accordingly, for the foregoing reasons and those set forth in Magistrate Judge Whitehurst's Report and Recommendation, the Motion For Partial Dismissal [Doc. No. 41] filed by ISLA and Bernard and the Motion To Partially Dismiss [Doc. No. 46] filed by KASH, adopting ISLA's Memorandum Brief, are GRANTED. Defendant/Counterclaimant/Third Party Plaintiff GCW's civil RICO claims against ISLA, Bernard, and KASH will be DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 6th day of April, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE