UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Kash Oil & Gas, Inc.                    Civil Action No. 6:16-cv-00380

versus                                  Judge Robert G. James

Gulf Coast Western LLC                  Magistrate Judge Carol B. Whitehurst

### REPORT AND RECOMMENDATION

Before the undersigned, on referral from the District Judge, is a Motion To Dismiss Submitted On Behalf Of Louis E. Bernard, Jr, filed by third party defendant, Louis E. Bernard, Jr ("Bernard") [Rec. Doc. 72], a Memorandum in Opposition filed by third party plaintiff Gulf Coast Western LLC's ("GCW") [Rec. Doc. 84] and Bernard's Reply thereto [Rec. Doc. 102]. The Motion came before the Court for hearing on oral argument on July 19, 2017. For the following reasons, the undersigned will recommend that the Motion be granted.

### *I. Background*

This action was filed in the Fifteenth Judicial Court, Lafayette, Louisiana, by Kash Oil & Gas Inc. against GCW for invoice amounts allegedly owed to Kash for oil and gas work it performed. *R. 1*. GCW removed this case and filed a counterclaim against Kash and a third party claim against ISLA Resources, LLC ("ISLA") alleging *inter alia*, RICO claims. *R. 5*. GCW filed an Amended Counterclaim and added

Bernard as a third party defendant. *R. 38*. The undersigned issued a Report and Recommendation recommending that the RICO claims alleged by GCW be dismissed. *R. 62*. The District Court dismissed the RICO claims by Judgment entered April 6, 2017. *R. 70, 71*.

In its Motion, Bernard asserts that after the Court's dismissal of the RICO claims, the only factual allegations from GCW's counter complaint, *R. 38*, which remain are those related to Fraudulent or Negligent Misrepresentations. During the July 19, 2017 hearing, counsel for GCW represented to the Court that it would no longer pursue the fraudulent misrepresentation claims against Bernard. Accordingly, the only factual allegations remaining against Bernard which the Court must consider are those of negligent misrepresentation. *R. 38*. The following are a summary of the factual allegations related the negligent misrepresentation claim.

Bernard is alleged to be the sole shareholder and director of Volcan, Inc. ("Volcan"), who in the sole member of ISLA Resources, LLC ("ISLA")—Bernard is not alleged to be a member of ISLA as a limited liability company and GCW concedes Bernard is not such a member. Volcan, Inc. has not been made a party to this lawsuit. Bernard is not a party to any of the agreements at issue in this case, specifically: (1) the Participation Agreement dated 9/11/2012 ("PA1"); (2) the amendment thereto, *R. 38-5, 38-7*; (3) the Participation Agreement dated 4/1/2013

("PA2"), *R. 38-6* (collectively "the Purchase Agreements"); or (4) the Joint Operating Agreements ("JOAs"), *R. 38-8, 38-9*.

Kash hired ISLA, pursuant to the Participation Agreements and JOAs, to perform land services in connection with the Landry and Fuselier Prospects. ISLA, by and through Bernard, hired various companies and contractors to perform some of the Land Services on its behalf. *R. 38, ¶35.* These companies and contractors performed Land Services for ISLA, and submitted invoices to ISLA for payment of same. *Id at ¶ 36.* ISLA, by and through Bernard, billed KASH for the Land Services it performed, as well as the Land Services performed by the companies and contractors it hired. The charges of the hired companies and contractors were included in the invoices ISLA submitted to KASH. *Id at ¶ 37.* Kash either paid ISLA's Land Services invoices with funds pre-paid by GCW for the Prospects, or tendered ISLA's Land Services invoices directly to GCW by mail and/or e-mail for payment of its proportionate share. *Id at ¶ 38.*

All invoices submitted by ISLA (by and through Bernard) to Kash or GCW, pursuant to the Participation Agreement and/or in connection with the Landry and/or Fuselier Prospects, contained fraudulent charges[1] that reflected service times in excess of actual times spent by ISLA employees (including Bernard) and/or hired

---

[1] GCW later alternatively characterizes these charges as being made with gross negligence or indifference.

companies and contractors in performing the Land Services and service rates in excess of the service rates charged by the hired companies and contractors performing the Land Services (i.e., "padded charges" or "mark ups"). *Id at ¶ 38*. Such "markups" were not authorized or allowed by the Participation Agreement or Operating Agreements. *Id.* Kash, with full knowledge of ISLA's/Bernard's fraudulent billing practices, or alternatively with gross negligence and indifference, paid many of the ISLA Land Services invoices with funds prepaid by GCW for Prospect-related expenses, and submitted the remainder to GCW, via mail or email across state lines, for payment. *Id at ¶ 42*. Kash facilitated ISLA's fraudulent invoicing practices and payment of the fraudulent invoices so that Bernard, as principal of ISLA and Saur, would not exercise rights under the Participation Agreement and JOAs to remove Kash as Operator from the Landry and Fuselier Prospects, and in order to continue to earn profits through its Operator related services. *Id at ¶ 43*.

GCW makes the following specific allegations as to its cause of action against Bernard for negligent misrepresentation:

> An action for negligent or fraudulent misrepresentation lies where there is "the existence of a legal duty on the part of [the] defendant either to supply correct information or not to supply incorrect information, a breach of that duty, and resulting damage to [the] plaintiff (citing *Newbaker v. Lanier*, 497 So. 2d 355 (La. App. 3 Cir. 11/5/1986)." *Id at ¶ 52*.
>
> Kash and ISLA, by and through Bernard, were legally obligated under the Participation Agreement and Operating Agreements to

submit accurate, verifiable and supported invoices for expenses incurred in connection with the Landry and Fuselier Prospects, and to ensure that inaccurate and/or fraudulent invoices were not submitted or paid. *Id at ¶ 53*.

Kash and ISLA, by and through Bernard, breached their obligations under the Participation Agreement and Operating Agreements by preparing, submitting and facilitating the payment invoices that were fraudulently padded and/or marked up by ISLA and/or Bernard. *Id at ¶ 54*.

## *II. Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but

it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

### *III. Analysis*

Bernard contends that any negligence claim by GCW against him has prescribed. Bernard further contends even if the action against him has not prescribed, he is not a proper party to this lawsuit under La. R.S. 12:1320(C) because members, mangers, employees or agents of a limited liability company, such as Bernard with ISLA, are not proper parties to a proceeding against a limited liability company. Bernard's third contention is related to his second. Bernard contends that GCW has failed to state a cause of action against him for negligent misrepresentation under La. R.S. 12:1320(B), because GCW's allegations against him are limited to his conduct as a representative of ISLA. The undersigned will address these contentions as

follows.

*A. Prescription*

Bernard initially contends that GCW's remaining negligent misrepresentation claim against it has prescribed. Bernard argues it is undisputed that he was not a party to the Participation Agreements, thus GCW's claim cannot be in contract and must be in tort arising under La. C.C. art. 2315. Under La. C.C. art. 3492, such delictual claims prescribe one year after damage is sustained. The record provides that the last of the invoices that GCW identifies as the product of the alleged negligent billing practices was dated May 30, 2015. *R. 38, ¶ 41(J)*. Bernard was added as a party in the Amended Complaint filed on August 31, 2016, more than one year after the damage purportedly sustained by GCW. *R. 38.*

GCW argues that "Bernard and ISLA are joint tortfeasors liable *in solido* for any damages caused." *R. 84*. Because ISLA was named in GCW's Counterclaim filed on March 29, 2016, prescription was interrupted against Bernard as a joint tortfeasor pursuant to La. C.C. art. 2324 (C).

La. C.C. art. 2324 states:

A. He who conspires with another person to commit an intentional or willful act is answerable, *in solido*, with that person, for the damage caused by such act.

B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible

>obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarity liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.
>
>C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

Paragraph A of article 2324, which provides for liability *in solido,* does not apply in this case because GCW does not allege that Bernard "conspired" with ISLA. Rather, GCW alleges that Bernard is a joint tortfeasor under paragraph B because he is an "agent for ISLA." Paragraph C states that interruption of prescription is effective between joint tortfeasors. As GCW has alleged that Bernard is liable for negligent misrepresentation, if proven, prescription would be interrupted against Bernard as a joint tortfeasor with ISLA. Bernard, however, contends that because GCW has failed to state a claim for negligent misrepresentation against him or ISLA, Bernard and ISLA cannot be joint tortfeasors. The Court must therefore first make a determination as to whether GCW has sufficiently alleged a claim against Bernard for negligent misrepresentation.

*B. Failure to State a Claim for Negligent Misrepresentation*

Bernard asserts that GCW cannot state a claim for negligent misrepresentation

because all of Bernard's alleged actions were made in his capacity as an agent of ISLA and GCW has failed to allege that Bernard took any action against GCW independently or outside his representation of ISLA. Bernard states that GCW's allegations of negligent misrepresentation against him would be attributable to ISLA and under La. R.S. 12:1320(B) he would not be personally responsible from ISLA's liability arising therefrom. Thus, he asserts, GCW has failed to set out a claim for negligent misrepresentation against him independent of ISLA.

A limited liability company offers, among other benefits, a company's members the benefit of limited liability. *Hamilton v. AAI Ventures, L.L.C.*, 768 So.2d 298, 302 (La.App. 1st Cir. 2000). With respect to the liability of the members and managers of a limited liability company to third parties, La. R.S. 12:1320 (entitled "Liability to third parties of members and managers"), provides in pertinent part:

* * *

> B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.

* * *

> D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation

> of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.
>
> In general, courts of this state have recognized that La. Civ.Code arts. 2315

and 2316, the code articles defining tort law, encompass an action for negligent misrepresentation. *Devore v. Hobart Mfg. Co.*, 367 So.2d 836, 839 (La.1979). Louisiana jurisprudence has limited negligent misrepresentation tort theory to cases wherein contract or fiduciary relationship exists. *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1014 (La.,1993). In considering a claim for negligent misrepresentation alleged to have caused pecuniary loss, as in this case, Louisiana courts integrate the tort doctrine into the duty/risk analysis. They conclude, for the cause of action to arise–whether plaintiff is a third party or a party to the contract or transaction–there must be a legal duty on the part of the defendant to supply correct information, there must be a breach of that duty, and the breach must have caused plaintiff damage. *Id* at 1015; *Devore v. Hobart Mfg. Co.*, 367 So.2d 836, 839 (La., 1979). Thus, "the plaintiff must show: 1) a legal duty to provide correct information, 2) breach, and 3) damages that result from a justifiable reliance on the misrepresentation." *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 n. 38 (5th Cir.1993); *Cameron Parish Sch. Bd. v. State Farm Fire & Cas. Co.*, 560 F.Supp.2d 485, 489 (W.D.La.2008) (citing *Abbott*); *Art Catering, Inc. v. Gorney*, 2011 WL 5078210, at *5 (E.D.La.,2011) (same).

Here, GCW alleges that Bernard (acting through ISLA) was negligent in charging GCW a management fee in addition to the fees charged by the subcontractors. In a claim for negligent misrepresentation causing pecuniary loss, the plaintiff must establish that the defendant has an affirmative duty to insure that information given was correct, and that he provided incorrect information. *Devore* at 839. There is no duty to provide fail-proof information. *Id.*

Bernard maintains that for GCW to state a claim for negligent misrepresentation against him, his duty and breach of that duty must be independent of his role with ISLA. That is, GCW must allege a contractual or fiduciary relationship between GCW and Bernard that is separate and apart from ISLA. Bernard argues that the Amended Complaint's allegations against him are solely in his representative capacity for ISLA and fail to allege the breach of any duty owed by Bernard personally.

GCW relies on *United States v. Insurance Company of the State of Pennsylvania,* 2016 WL 1718268, at *2 (W.D.La., 2016)*, Laurents v. Louisiana Mobile Homes, Inc.*, 689 So.2d 536 (La.App. 3 Cir.,1997) and *McCollum v. Harbor View Townhouses, Inc.*, 428 So.2d 846 (La.App. 5 Cir.,1983) as being "analogous to the situation" in this case. *R. 84, p. 10.* The undersigned finds these cases are distinguishable from the instant case based on the allegations in GCW's Amended

Complaint, and in fact support Bernard's position.

In *Insurance Company of the State of Pennsylvania*, the plaintiff alleged claims against the defendant's manager for fraud, fraud by nondisclosure and negligent misrepresentation. The plaintiff specifically alleged that the manager *personally* had several telephone conversations with the plaintiff which "amounted to knowingly false statements and omissions of material information."

In *Laurents*, the plaintiff sued a mobile home manufacturer and its manager for fraud and unfair trade practices. The Louisiana Third Circuit Court of Appeals found that the defendants committed unfair trade practices and that the manager was liable based on his *personal* representations to the plaintiffs what were "oppressive" and "unscrupulous." In a later Louisiana Third Circuit case, *Indest-Guidry, Ltd. v. Key Office Equipment, Inc.*, 997 So.2d 796, 812 (La.App. 3 Cir.,2008), the court analogized the *Laurents*' manager's actions to the individual defendants in that case stating, "[s]imilarly, in this case, Key and Gregory [the company and the manager] owed a duty to Impressions to refrain from engaging in fraudulent, unfair, and deceptive acts and practices...." *Indest-Guidry, Ltd.* at 812.

Finally, in *McCollum*, 428 So.2d at 847, the plaintiffs sued a condominium corporation and its president based on the president's *personal* misrepresentations that the unit was free of defects and fit for residential use and that a swimming pool

and tennis courts would be constructed, but were never constructed.

The Court finds the above cases cited by GCW all alleged and found personal fraudulent or negligent misrepresentations made by the individual agent/defendant apart and separate from the corporate or company defendant. Here, the only allegations in the Amended Complaint related to Bernard are as to actions of ISLA "by and through Bernard." *R. 38*.

La. R.S. 12:1320 provides that members of a limited liability company generally may not be assessed with personal liability for the debts and obligations of their limited liability company to third parties absent proof of "fraud ... or other negligence or wrongful act by such person." *See* La. R.S. 12:1320 (B) & (D). "To have meaning within the statute, the phrase "or other negligent or wrongful act by such person" must refer to acts that are either done outside one's capacity as a member, manager, employee, or agent of a limited liability company or which while done in one's capacity as a member, manager, employee, or agent of a limited liability company also violate some personal duty owed by the individual to the injured party. In other words, some duty owed by the individual defendant to the plaintiff outside his capacity as a member must have been breached." *Petch v. Humble*, 939 So.2d 499, 504 (La.App. 2 Cir.,2006). GCW has made no allegations as to any personal conduct on the part of the individual defendant, Bernard, from which such a breach could be

inferred.

Accordingly, the Court finds that GCW has failed to state a claim against Bernard in his individual capacity outside his capacity as a manager or agent of ISLA, and therefore, has failed to state claim for negligent misrepresentation against Bernard.

### *IV. Conclusion*

Based on the foregoing, the undersigned recommends that the Motion To Dismiss Submitted On Behalf Of Louis E. Bernard, Jr. [Rec. Doc. 72] be GRANTED and GCW's claim for fraudulent misrepresentation against Bernard be dismissed with prejudice, as confirmed by GCW on the record in open court on July 19, 2017, and GCW's claim for negligent misrepresentation against Bernard be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 27th day of July, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE